UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FERNANDO LOPEZ, ADOLFO LOPEZ, VENANCIO
GALINDO, and GIL SANTIAGO,

                          Plaintiffs,

                - against -

FLOR DE MAYO, INC., PHILLIP CHU, DENNIS CHU,
and JOSE CHU,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 9/19/07

**CIV. NO. 07-CV-6526 (SAS)**

**SCHEDULING ORDER**

**ECF CASE**

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on August 14, 2007 (the "Order"); and

       WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order;

(1) The date of the conference and the appearance for the parties.

    (a) The date of the conference is September 18, 2007. Jonathan Adler, David Colodny, and William Miller are appearing on behalf of Plaintiffs. Robert Ferrari is appearing on behalf of Defendants.

(2) A concise statement of the issues as they then appear.

    (a) Plaintiffs are four delivery personnel currently and formerly employed by Defendants and are bringing claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law for failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, failure to pay for

the cost of purchasing and maintaining required equipment, and unauthorized deductions.

(b) The factual issues to be decided in this case include the number of hours Plaintiffs worked for Defendants, how much Defendants compensated Plaintiffs for their work, and whether Defendants reimbursed Plaintiffs for any costs Plaintiffs incurred in connection with their work for Defendants.

(c) The legal issues to be decided in this case include whether Defendants are liable to Plaintiffs for any violations of the FLSA and New York Labor Law, the amount of damages Defendants must pay Plaintiffs if Defendants are liable to Plaintiffs, and whether the statute of limitations should be tolled for reasons of equity.

(3) A schedule including:

(a) The names of persons to be deposed and a schedule of planned depositions.

(i) Plaintiffs propose to depose Defendants Phillip Chu, Jose Chu, Dennis Chu, a representative of Flor de Mayo, Inc. pursuant to Fed. R. Civ. P. 30(b)(6), and any other parties Plaintiffs or Defendants identify as having information relevant to this case by February 29, 2008. [handwritten: Dec + Jan]

(ii) Defendants propose to depose Fernando Lopez, Adolfo Lopez, Venancio Galindo and Gil Santiago pursuant to Fed. R. Civ. P. 30(b)(6) and any other persons Plaintiffs or Defendants identify as having relevant information to this case by February 29, 2008.

(b) A schedule for the production of documents.

    (i) Plaintiffs and Defendants propose to produce all documents in compliance with the Federal Rules of Civil Procedure by December 31, 2007. [handwritten: July 30]

(c) Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed.

    (i) Plaintiffs do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

    (ii) Defendants do not intend to call any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

(d) Time when discovery is to be completed.

    (i) The proposed time for when discovery is to be completed is February 29, 2008. [handwritten: Jan. 30]

(e) The date by which plaintiff will supply its pre-trial order matters to defendant.

    (i) Plaintiffs propose to supply their pre-trial order matters to Defendants on March 31, 2008. [handwritten: 2/18]

(f) The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial.

    (i) The parties propose to submit a pre-trial order on April 30, 2008. [handwritten: 3/18]

(g) A space for the date for a pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference: [handwritten: 2/15/08 at 4:30]

3

(4) A state of any limitations to be placed on discovery, including any protective or confidentiality orders.

    (a) Plaintiffs reserve the right to move for a protective order prohibiting discovery of the issue of Plaintiffs' immigration status if the parties are unable to resolve the issue without the Court's intervention.

    (b) Defendants reserve the right to move for a protective order relating to discovery of the individual defendants personal financial or related information.

(5) A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

    (a) No such discovery issues currently exist.

(6) Anticipated fields of expert testimony, if any.

    (a) Plaintiffs do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

    (b) Defendants do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

(7) Anticipated length of trial and whether to [a court] or jury. *Non-jury* [handwritten]

    (a) Plaintiffs expect to need three to five days to present their case at trial. Plaintiffs wish to have this case tried without a jury.

    (b) Defendants expect to need one to three days to present their defense at trial. Defendants wish to have this case tried without a jury.

(8) The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: New York, New York
       September 18, 2007

DAVIS POLK & WARDWELL

By: _____
William Miller (WM 9975)
Jonathan L. Adler (JA 7424)
450 Lexington Avenue
New York, New York 10017
212.450.4815

_____
David Colodny (DC 4234)
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
646.459.3006

*Attorneys for Plaintiffs*

By: _____
Robert V. Ferrari (RF 4599)
630 Third Avenue, 16th Floor
New York, NY 10017
212.972.7040
*Attorneys for Defendants*

SO ORDERED;

Dated: New York, New York
       September 18, 2007

_____
Shira A. Scheindlin
United States District Judge

9/18/07