UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FERNANDO LOPEZ, ADOLFO LOPEZ,
VENANCIO GALINDO and GIL SANTIAGO,

                Plaintiffs,      No. 07 Civ. 6526 (AJP)

    - against -

FLOR DE MAYO, INC., PHILLIP CHU,
DENNIS CHU and JOSE CHU,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, New York 10038
(212) 459-3006

*Attorneys for Plaintiffs*

Plaintiffs Fernando Lopez, Adolfo Lopez, Venancio Galindo, and Gil Santiago ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion for leave to file an amended complaint.

## FACTUAL BACKGROUND

Plaintiffs are delivery workers – one current and three former – for Flor de Mayo, a family-run restaurant with two locations in New York City: 484 Amsterdam Avenue and 2651 Broadway. Plaintiffs' Complaint asserts that from 2000 to the present, Flor de Mayo and its managers (who are named here in their individual capacities) have willfully and flagrantly violated various provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York State Labor Law by failing to pay Plaintiffs the minimum wage, time-and-a-half for overtime, "spread of hours" compensation, and costs associated with the purchase and maintenance of required equipment.

Although three of the Plaintiffs worked exclusively at the Flor de Mayo restaurant located at 484 Amsterdam Avenue, Plaintiff Adolfo Lopez asserts that he worked for a period of approximately five weeks at the restaurant's 2651 Broadway location. Accordingly, Plaintiffs' Complaint states in its opening paragraph that "plaintiffs have worked at *one or more* of the Flor de Mayo locations at various times from 2000 through the present." (Emphasis added.)

Although the two Flor de Mayo restaurants were founded by and are managed by the same family members, the location at 2651 Broadway is owned and operated by a separate corporate entity, Cho Familia Dynastia, Inc. Plaintiffs did not become aware of this entity's existence until reviewing Defendants' discovery responses, which are dated November 26, 2007. By letter dated December 21, 2008, Plaintiffs sought Defendants'

2

consent to amend the Complaint to add Cho Familia Dynastia, Inc. Defendants refused in a letter dated January 4, 2008. At the deposition of Dennis Chu on January 16, 2008, defense counsel further indicated that he would not allow his client, an owner of the 2651 Broadway restaurant, to answer any questions regarding the employment policy and practices of the restaurant; this despite Plaintiffs' counsel explaining that such an instruction was not sanctioned by the Federal Rules of Civil Procedure and might necessitate a costly follow-up deposition. See Rosselli Decl., Exh. D.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Similarly, Rule 21 of the Federal Rules of Civil Procedure allows the addition of a defendant "on such terms as are just." Under either Rule 15(a) or Rule 21, "the same standard of liberality applies." FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997). As the Supreme Court has explained,

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, "be freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Plaintiffs have acted promptly and in good faith at every step of this litigation: in including allegations against both Flor de Mayo restaurants in the Complaint; in taking steps to learn of the restaurants' corporate structure; in seeking Defendants' consent to amend the Complaint, so as to avoid unnecessary motion practice; and in seeking to gain further information regarding the 2651 Broadway restaurant at depositions, so as to avoid unnecessary additional discovery. Plaintiffs can identify no undue prejudice that would result from the addition of Cho Familia Dynastia, Inc. to this action: Defendants have been on notice of Plaintiffs' intention to add Cho Familia Dynastia, Inc. since December, and Defendants have not yet deposed Adolfo Lopez, the Plaintiff who asserts that he worked at the 2651 Broadway location. The addition of a second corporate defendant will not impact the current discovery schedule, given that Plaintiffs anticipate, at most, requesting relevant documents and/or noticing a single corporate deposition. Finally, Defendants should not be heard to complain about the expense of additional discovery given that such costs will be borne by both parties. Defendants could have – and Plaintiffs submit, should have – avoided any additional costs by consenting to this very straightforward motion to amend the Complaint or by answering all questions regarding the 2651 Broadway restaurant at their depositions.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for an order granting leave to amend Plaintiffs' Complaint and for whatever other relief the Court deems just and proper.

Dated:   New York, New York
         February 1, 2008

                                DAVIS POLK & WARDWELL

                                By:   /s/ Matteo J. Rosselli

                                Matteo J. Rosselli (MR-6422)
                                Jonathan L. Adler (JA-7424)
                                William R. Miller (WM-9975)
                                450 Lexington Avenue
                                New York, NY 10017
                                (212) 450-4921

                                David A. Colodny (DC-4234)
                                URBAN JUSTICE CENTER
                                123 William Street, 16th Floor
                                New York, NY 10038
                                (646) 459-3006

                                *Attorneys for Plaintiffs*