UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FERNANDO LOPEZ, ADOLFO LOPEZ,
VENANCIO GALINDO and GIL SANTIAGO,

                          Plaintiffs,

            - against -

FLOR DE MAYO, INC., CHO FAMILIA
DYNASTIA, INC., PHILLIP CHU, DENNIS CHU
and JOSE TSO,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 07 Civ. 6526 (AJP)

**AMENDED COMPLAINT**

       Plaintiffs Fernando Lopez, Adolfo Lopez, Venancio Galindo, and Gil Santiago (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action to recover damages arising out of their employment at two restaurants in New York City doing business under the trade name of Flor de Mayo, located at 484 Amsterdam Avenue and 2651 Broadway. The plaintiffs have worked at one or more of the Flor de Mayo locations at various times from 2000 through the present.

## NATURE OF THE ACTION

       1.      Plaintiffs are current and former employees of defendants Flor de Mayo, Inc., Cho Familia Dynastia, Inc., Phillip Chu, Dennis Chu, and Jose Tso (collectively, "Defendants"). Plaintiffs worked for Defendants at various times from 2000 through the present.

       2.      Throughout the course of their employment, Plaintiffs regularly worked for Defendants as many as six days a week, and as many as seventy-two

hours each week, for wages that fell below the legal minimum wage and without receiving overtime premiums as required by law.

3. As stated herein, Plaintiffs state claims for Defendants' failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, failure to pay for the cost of purchasing and maintaining required equipment, and unauthorized deductions, in violation of the Fair Labor Standards Act and New York State Labor Law.

4. Plaintiffs ask the Court to award damages in excess of $500,000, and an additional amount for interest, attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

## PARTIES

PLAINTIFFS

8. Plaintiffs have been employed as food delivery personnel by Defendants from 2000 through the present.

9.  Plaintiff Fernando Lopez has been employed as a delivery person at the Flor de Mayo restaurant located at 484 Amsterdam Avenue in New York City at various times from approximately August 2000 to the present.

10. Plaintiff Adolfo Lopez was employed as a delivery person at the Flor de Mayo restaurant located at 484 Amsterdam Avenue from approximately October 2002 until approximately April 2004 and then re-employed as a delivery person from approximately December 2005 until October 2007. Plaintiff Adolfo Lopez also worked briefly as a busboy at the Flor de Mayo restaurant located at 2651 Broadway in New York City.

11. Plaintiff Venancio Galindo was employed as a delivery person at the Flor de Mayo restaurant located at 484 Amsterdam Avenue from approximately September 2006 until July 2007.

12. Plaintiff Gil Santiago was employed as a delivery person at the Flor de Mayo restaurant located at 484 Amsterdam Avenue from approximately March 2001 until September 2006.

## DEFENDANTS

13. Flor de Mayo, Inc. is a corporation organized and existing under the laws of the State of New York, with a principle executive office located at 484 Amsterdam Avenue, New York, NY, 10024. At all times relevant to this action, Flor de Mayo, Inc. owned and operated the restaurant located at 484 Amsterdam Avenue, New York, NY, 10024 doing business under the trade name of Flor de Mayo.

14. Defendant Cho Familia Dynastia, Inc. is a corporation organized and existing under the laws of the State of New York, with a principle executive office located at 2651 Broadway, New York, NY, 10025. At all times relevant to this action, Cho Familia Dynastia, Inc. owned and operated the restaurant located at 2651 Broadway, New York, NY, 10025 doing business under the trade name of Flor de Mayo.

15. Upon information and belief, defendant Phillip Chu is the chairman and/or chief executive officer of Flor de Mayo, Inc. and the founder of Cho Familia Dynastia, Inc. He is sued individually and in his capacity as officer and/or agent of defendant Flor de Mayo, Inc.

16. Upon information and belief, at all times relevant to this action, defendant Phillip Chu was an employer who had the power to hire and fire delivery personnel, including Plaintiffs, who worked for Flor de Mayo, control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

17. Upon information and belief, defendant Dennis Chu is Phillip Chu's son, he is an owner and director of Cho Familia Dynastia, Inc., and he is a manager of the 484 Amsterdam Avenue location of Flor de Mayo. At all times relevant to this action, defendant Dennis Chu was an employer who had the power to hire and fire delivery personnel, including Plaintiffs, who worked for Flor de Mayo, control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

18.     Upon information and belief, defendant Jose Tso is Phillip Chu's brother and manages both Flor de Mayo restaurants. At all times relevant to this action, defendant Jose Tso was an employer who had the power to hire and fire delivery personnel, including Plaintiffs, who worked for Flor de Mayo, control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

19.     Upon information and belief, Flor de Mayo, Inc. and Cho Familia Dynastia, Inc. have both singularly and jointly been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that they (i) have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than $500,000.

**STATEMENT OF FACTS**

20.     Defendants Phillip Chu, Dennis Chu, and Jose Tso own and operate two restaurants in New York City doing business under the trade name of Flor de Mayo.

21.     Flor de Mayo serves food to customers on the premises and provides take-out service and delivery service.

22.     Flor de Mayo is part of the "restaurant industry" within the meaning of New York Labor Law because it is an eating and drinking place that

5

prepares and offers food and beverages for human consumption on its premises with catering and delivery services available to the public. 12 NYCRR § 137-3.1.

23. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6); 191(3); 651(6).

24. At all times relevant to this action, Plaintiffs have each been employed at Flor de Mayo, and were Defendants' employees within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

25. Plaintiffs have held the position of "delivery person" while employed by the Defendants. Delivery persons at Flor de Mayo normally deliver orders of food from the restaurant premises to locations off of the premises, such as customers' homes and places of business. Plaintiff Adolfo Lopez also worked as a busboy at Flor de Mayo's 2651 Broadway restaurant.

26. At all times relevant to this action, Plaintiffs were "tipped employees" under the FLSA, which defines a "tipped employee" as an employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

27. At all times relevant to this action, Plaintiffs were engaged in commerce in that Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. All employees at Flor de Mayo, including Plaintiffs, are engaged in an industry affecting commerce.

## MINIMUM WAGE

28.   Both the FLSA and New York State Labor Law require that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y. Lab. Law § 652.

29.   Plaintiffs regularly worked for Defendants as many as six days a week, and as many as seventy-two hours each week, during most or all of their employment.

30.   Plaintiffs worked shifts of eleven hours to as many as thirteen hours per day.  The typical shifts Plaintiffs worked were 1:00 PM to 1:00 AM or 12:00 PM to 11:00 PM.

31.   Defendants forbade Plaintiffs from taking breaks during their shifts.

32.   During non-meal times, when Plaintiffs were not delivering orders of food, Defendants required Plaintiffs to engage in "sidework" at the restaurant, which included, among other things, cleaning the restaurant and sidewalk, unloading delivery trucks, taking out the garbage, and cutting take-out cartons.

33.   Defendants compensated Plaintiffs by paying them a salary at weekly intervals.

34.   The weekly salary that Defendants paid to many or all of the Plaintiffs was as low as approximately $90 per week.  This salary effectively resulted in an hourly wage as low as approximately $1.25 per hour, which was well below the minimum wage required under the FLSA and New York Labor Law.

35.   Defendants paid Plaintiffs' compensation in cash.

36. Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs because Defendants did not notify Plaintiffs of the FLSA's tip credit provisions. Under the FLSA, employers are permitted to credit the tips received by tipped employees to satisfy their obligation to pay the minimum wage only if, among other things, employers notify the tipped employees of the FLSA provisions regarding payment of minimum wage to tipped employees. 29 U.S.C. § 203(m).

37. Plaintiff Fernando Lopez was not aware of his right to receive a minimum hourly wage for employment until approximately November 2006.

38. Plaintiff Fernando Lopez was not aware of his right to receive compensation at a rate of time and a half for each hour that exceeded forty in a workweek until approximately March 2007.

39. Plaintiff Adolfo Lopez was not aware of his right to receive a minimum hourly wage for employment until approximately December 2006.

40. Plaintiff Adolfo Lopez was not aware of his right to receive compensation at a rate of time and a half for each hour that exceeded forty in a workweek until approximately March 2007.

41. Plaintiff Venancio Galindo was not aware of his right to receive a minimum hourly wage for employment until approximately December 2006.

42. Plaintiff Venancio Galindo was not aware of his right to receive compensation at a rate of time and a half for each hour that exceeded forty in a workweek until approximately March 2007.

43. Plaintiff Gil Santiago was not aware of his right to receive a minimum hourly wage for employment until approximately October 2006.

44. Plaintiff Gil Santiago was not aware of his right to receive compensation at a rate of time and a half for each hour that exceeded forty in a workweek until approximately March 2007.

## OVERTIME PAY

45. FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week. 29 U.S.C. § 207; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137-1.3.

46. Plaintiffs regularly worked between approximately sixty-six and seventy-two hours each week during most or all of their employment.

47. Despite the fact that Plaintiffs regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiffs overtime compensation as required by both the FLSA and New York Labor Law

48. Defendants' failure to pay overtime compensation was willful and intentional.

## SPREAD OF HOURS

49. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7. New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for

9

each day in which the employee's spread of hours exceeds ten.  12 NYCRR § 137-1.7.  This "spread of hours" regulation is applicable even if there is a split shift.

50. Plaintiffs routinely worked a "spread of hours" of approximately eleven hours to as many as thirteen hours per day.

51. Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiffs any additional compensation as required by the regulations.

52. Defendants' failure to pay spread of hours compensation was willful and intentional.

UNLAWFUL DEDUCTIONS

53. The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35; 12 NYCRR § 137-2.5(b) .

54. In addition, New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law. N.Y. Lab. Law § 193(1). Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law. 12 NYCRR § 137-2.5.

55. Defendants required Plaintiff delivery personnel to purchase and maintain a bicycle in order to make deliveries.  Plaintiffs had to pay for their own repairs to the bicycle and for any legal violations incurred during the course of

their work as delivery personnel for Defendants. Defendants did not reimburse Plaintiffs for these costs in violation of the FLSA and New York Labor Law.

FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS, POST THE NOTICES, AND KEEP RECORDS REQUIRED BY LAW

56. The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined. 29 U.S.C. § 203(m).

57. Upon information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined pursuant to 29 U.S.C. § 203(m).

58. The FLSA and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-a-half their regular rate. 29 C.F.R. § 516.4;. 12 NYCRR § 137-2.3.

59. Upon information and belief, prior to 2007, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay as required under the FLSA and New York Labor Law. In addition, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law § 198-d.

60. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability in

violation of the FLSA and New York Labor Law. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

## KNOWING AND INTENTIONAL ACTS

61. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

62. Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

63. Defendants knowingly and intentionally took unlawful deductions from Plaintiffs.

## CAUSES OF ACTION

### COUNT I

*Federal Minimum Wage and Overtime Violations*

64.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

66.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

67.     Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### COUNT II

*New York State Minimum Wage, Overtime and "Spread of Hours" Violations*

68.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

69.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread of hours pay, in violation of N.Y. Lab. Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

70. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

71. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

*Equipment Purchase & Maintenance Under The Fair Labor Standards Act*

72. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

73. Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles required for Defendants' work such that Plaintiffs' compensation was below the minimum wage, in violation of 29 U.S.C. § 201 et seq. and 29 C.F.R. § 531.35.

74. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

75. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles required for Defendants' work, to the extent such payments cut into the minimum or overtime wages required,

and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT IV

*New York State Unlawful Deductions*

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

77. Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages, and/or made Plaintiffs incur expenses in carrying out their duties, by requiring Plaintiffs to purchase and maintain bicycles required for Defendants' work, in violation of N.Y. Lab. Law §§ 193(1) and 198-b and 12 NYCRR § 137-2.5.

78. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

79. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law § 198.

## **TOLLING OF STATUTES OF LIMITATIONS**

80. On the grounds of equitable tolling, the statutes of limitations for minimum wage claims asserted by Plaintiff Fernando Lopez under the Fair Labor

Standards Act should be tolled until he first became aware of his rights to receive minimum wage under the Fair Labor Standards Act in November 2006.

81. On the grounds of equitable tolling, the statutes of limitations for overtime claims asserted by Plaintiff Fernando Lopez under the Fair Labor Standards Act should be tolled until he first became aware of his rights to receive overtime under the Fair Labor Standards Act in March 2007.

82. On the grounds of equitable tolling, the statutes of limitations for minimum wage claims asserted by Plaintiff Adolfo Lopez under the Fair Labor Standards Act should be tolled until he first became aware of his rights to receive minimum wage under the Fair Labor Standards Act in December 2006.

83. On the grounds of equitable tolling, the statutes of limitations for overtime claims asserted by Plaintiff Adolfo Lopez under the Fair Labor Standards Act should be tolled until he first became aware of his rights to receive overtime under the Fair Labor Standards Act in March 2007.

84. On the grounds of equitable tolling, the statutes of limitations for minimum wage claims asserted by Plaintiff Gil Santiago under the Fair Labor Standards Act should be tolled until he first became aware of his rights to receive minimum wage under the Fair Labor Standards Act in October 2006.

85. On the grounds of equitable tolling, the statutes of limitations for overtime claims asserted by Plaintiff Gil Santiago under the Fair Labor Standards Act should be tolled until he first became aware of his rights to receive overtime under the Fair Labor Standards Act in March 2007.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

 (a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

 (b) Awarding Plaintiffs unpaid minimum wages due under the FLSA and New York Labor Law;

 (c) Awarding Plaintiffs unpaid overtime compensation due under the FLSA and New York Labor Law;

 (d) Awarding Plaintiffs compensation for all "spread of hours" violations due under New York Labor Law;

 (e) Awarding Plaintiffs compensation for all unauthorized deductions under the FLSA and New York Labor Law;

 (f) Awarding Plaintiffs liquidated damages;

 (g) Awarding Plaintiffs pre-judgment and post-judgment interest;

 (h) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

    (i) Awarding such other relief as this Court deems is just and proper.

Dated: January 28, 2008
    New York, New York

                   Respectfully submitted,

                   _____
                   Matteo J. Rosselli (MR-6422)
                   Jonathan L. Adler (JA-7424)
                   William R. Miller (WM-9975)
                   Davis Polk & Wardwell
                   450 Lexington Avenue
                   New York, NY 10017
                   212-450-4190

                   David A. Colodny (DC-4234)
                   Urban Justice Center
                   123 William Street, 16th Floor
                   New York, NY 10038

                   *ATTORNEYS FOR PLAINTIFFS*