USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FERNANDO LOPEZ, ADOLFO LOPEZ,
VENANCIO GALINDO and GIL SANTIAGO,

                    Plaintiffs,

      - against -

FLOR DE MAYO, INC., CHO FAMILIA
DYNASTIA, INC., PHILLIP CHU, DENNIS CHU
and JOSE TSO,

                    Defendants.

------------------------------------------------------------x

No. 07 Civ. 6526 (AJP)

**CONFIDENTIALITY STIPULATION AND ORDER**

## CONFIDENTIALITY STIPULATION AND ORDER

By agreement and stipulation of the undersigned parties, all parties in this action hereby agree and stipulate that:

1. Except as used in the ordinary course of business by the person owning interests in same, all Confidential Information and Highly Confidential Information, as defined below, that is revealed, disclosed, produced or examined in the course of this litigation shall be used solely for the purpose of preparation, trial, appeal, and/or settlement, if any, of this litigation and for no other purpose whatsoever; such Confidential Information and Highly Confidential Information shall not be used by, or disclosed to, any person except in accordance with the terms hereof; and such Confidential Information and Highly Confidential Information shall not be used by, disclosed to, or made available to persons other than Qualified Persons, as defined below, except by Order of this Court or by prior written consent of the party owning interests in same.

2. "Confidential Information," as used herein, means any information of any type, kind, or character involved in this litigation which is designated as confidential by any party supplying same, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, and includes and extends to any photocopy, reproduction, or transcription of any such information in whatever form. Information that has been generally available to the public, shall not be deemed Confidential.

3. "Highly Confidential Information," as used herein, means any information of any type, kind, or character involved in this litigation which is designated as highly confidential by any party supplying same, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or

-2-

otherwise, and includes and extends to any photocopy, reproduction, or transcription of any such information in whatever form. Information that has been generally available to the public, shall not be deemed Highly Confidential.

4. Documents produced by a party may be designated as "Confidential Information" or "Highly Confidential Information" by identifying such information in a letter or by marking such information with a "Confidential" or "Highly Confidential" legend. Any unmarked but otherwise designated material or information shall be treated under this Agreement the same as if it had been marked "Confidential" or "Highly Confidential."

5. Confidential Information may be disclosed only to Qualified Persons. "Qualified Persons," as used herein, means:

    a. The Court and court reporters;

    b. Attorneys and law firms of record, any attorneys designated as "of counsel" in the pleadings in this case as of the date of the parties' agreement to this stipulation, other attorneys or law firms who represent the parties to this litigation in connection with this litigation, and regular employees of such attorneys and law firms (including legal and secretarial staff) whose access to such Confidential Information is necessary for purposes of preparing, trying, appealing, and/or settling this litigation;

    c. Independent third parties retained or used by attorneys of record in this litigation solely for the purpose of preparation and/or trial of this litigation, such as independent experts or consultants, who agree to be bound by this Agreement prior to disclosure and sign an Acknowledgement of Confidentiality Stipulation and Order, a form for which is attached as Exhibit A to this Confidentiality Stipulation and Order, indicating that he or she has read this Agreement and agrees to be so bound. Such Acknowledgement shall be maintained by the

attorney of record revealing such "Confidential Information" to such third party in a folder labeled "Confidential Information Stipulation" with a copy of this Agreement;

  d. Witnesses at depositions or trial, who are testifying or preparing to testify, who shall be identified pursuant to the same procedure identified in paragraph 5(c) and so agree to be bound after reading this Agreement; and

  e. A named party, their designated agents and employees, and officers and employees of a corporate party, who are working on this litigation and to whom it is necessary that such information be shown for purposes of preparation, trial, appeal, and/or settlement of this litigation only, who shall be identified pursuant to the same procedure identified in the immediately preceding paragraph and so agree to be bound after reading this Agreement.

6. Highly Confidential Information may only be disclosed to those Qualified Persons listed in paragraphs 5(a)-(d).

7. Information disclosed at a deposition may be designated by any party as "Confidential Information" or "Highly Confidential Information" by indicating on the record at the deposition, or by identifying specific pages and lines deemed Confidential or Highly Confidential within fifteen (15) days of receipt of the transcript, that the testimony is Confidential or Highly Confidential and subject to the provisions of this Agreement. For fifteen (15) days after the transcript becomes available, the entire transcript will be treated as Confidential Information.

8. A party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of information as Confidential or Highly

Confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, an objecting party may seek review by the Court and the party asserting confidentiality shall have the burden of proving same. During the time any such dispute is pending, all parties shall treat the information as Confidential Information or Highly Confidential Information.

9. The inadvertent or unintentional disclosure of Confidential Information or Highly Confidential Information that is not designated "Confidential Information" or "Highly Confidential Information" or of information privileged or otherwise exempt from disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or of privilege or other exemption from disclosure, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter, and designation of Confidential Information or Highly Confidential Information or of privilege or other exemption from disclosure hereunder may be made at any time, to be effective upon and after such designation, except as otherwise provided herein.

10. Nothing in the foregoing provisions of this Agreement shall be deemed to preclude any of the undersigned from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Agreement, with respect to particular material designated hereunder or herein as Confidential or Highly Confidential.

11. In the event that a party wishes to use any Highly Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Highly Confidential Information shall be treated confidentially in accordance herewith and filed and

maintained under seal with the Court; in addition, a duplicate copy thereof (with all Highly Confidential Information deleted therefrom) ~~may~~ *must* be filed in the records available to the public.

12. The provisions of this Agreement shall continue to be effective after the conclusion of this litigation except that the undersigned may seek written permission from the producing party or, upon good cause with notice and hearing, seek an Order of the Court with respect to dissolution or modification of such Agreement. Within sixty (60) days after the conclusion of this litigation by settlement, final order, or appeal, all documents, including deposition transcripts, designated as Confidential Information or Highly Confidential Information, and all photocopies or other copies thereof, as well as Confidential Information and Highly Confidential Information derived in any way therefrom, shall be returned to the person who owns the same or be destroyed, except as this Court may otherwise order.

13. Any party (or party's attorney) designating any person as a Qualified Person who is required to sign the attached Acknowledgement of Confidentiality Stipulation and Order, and/or disclosing Confidential or Highly Confidential Information to any such disclosee, shall have the duty to ensure that such person reads a copy of the Agreement and signs the attached Acknowledgement pursuant to the procedure described in paragraph 5(c) above.

14. Nothing contained in this Agreement, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents sought or subject to this Agreement.

15. Nothing in this Agreement in any manner defines the scope of discovery or the materials to be produced in this litigation.

16. If any information of any type, kind, or character, whether it be a document, information contained in a document, information revealed during a deposition, information

revealed in an interrogatory answer, or otherwise, including any photocopy, reproduction, or transcription of any such information in whatever form, revealed, disclosed, produced, or examined in the course of this litigation is subject to a confidentiality or protective agreement, stipulation, or order of any kind in other litigation, whether or not entered by a court of competent jurisdiction and whether such other litigation has been concluded by settlement, final order, or appeal or not, the parties to this matter agree after being presented with a copy of the confidentiality or protective agreement, stipulation, or order, to be bound by the terms of such confidentiality or protective agreement, stipulation, or order and to abide by those agreements, stipulations, or orders.

17. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

SO ORDERED: 2/29/08

Hon. Andrew J. Peck
United States Magistrate Judge

**BY FAX**

FEB-26-2008  15:53        ROBERT V. FERRARI                    212 922 1939    P.08

Dated:     February 20, 2008

DAVIS POLK & WARDWELL

By: _____
William Miller (WM 9975)
Jonathan L. Adler (JA 7424)
450 Lexington Avenue
New York, New York 10017
212.450.4815

_____
David Colodny (DC 4234)
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
646.459.3006

*Attorneys for Plaintiffs*

By: _____
Robert V. Ferrari (RF 4599)
630 Third Avenue, 16th Floor
New York, NY 10017
212.972.7040

*Attorneys for Defendants*


SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

-8-

## **Exhibit A**
## **ACKNOWLEDGMENT OF CONFIDENTIALITY STIPULATION AND ORDER**

I, _____, in anticipation of being provided access to certain materials designated "Confidential Information" or "Highly Confidential" in this case, have been provided with a copy of the Confidentiality Stipulation and Order, dated February _____, 2008. I have read the Agreement, understand each of its provisions and agree to comply with its terms.

_____          _____
Date                                                    Sign

                                                              _____
                                                              Print Name

# FAX TRANSMITTAL SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.: (212) 805-0036

Dated: __February 29, 2008__                     Total Number of Pages: __10__

| TO | FAX NUMBER |
|---|---|
| William R. Miller, Jr., Esq. | 212-450-3815 |
| David A. Colodny, Esq. | 212-533-4598 |
| Robert V. Ferrari, Esq. | 212-922-1939 |

# TRANSCRIPTION:

[Phrase added to ¶ 2, at line 1]:    non-public, proprietary
[Phrase added to ¶ 2, at line 3]:    subject to the requirements of Fed. R.l Civ. P. 26(c) and case-law thereunder,
[Phrase added to ¶ 3, at line 3]:    subject to same restrictions as ¶ 2 above,

Replacement of the word "may" in ¶ 11, at line 5, with the word "must"