UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
FERNANDO LOPEZ, ADOLFO LOPEZ,                                    :
VENANCIO GALINDO and GIL SANTIAGO,                              :
                                                                 :
                                    Plaintiffs,                 :     No. 07 Civ. 6526 (AJP)
                                                                 :
                    - against -                                  :
                                                                 :
FLOR DE MAYO, INC., CHO FAMILIA                                 :
DYNASTIA, INC., PHILLIP CHU, DENNIS CHU                         :
and JOSE TSO,                                                    :
                                                                 :
                                    Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFFS' STATEMENT OF THE ELEMENTS OF EACH CLAIM AND SUMMARY OF THE FACTS RELIED UPON TO ESTABLISH EACH ELEMENT

In accordance with the pretrial practices and procedures of United States Magistrate Judge Andrew J. Peck, Plaintiffs in the above-captioned action submit this statement of the elements of each claim and summary of the facts relied upon to establish each element.

### A.  Violations of the Fair Labor Standards Act

Plaintiffs allege that Defendants have willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay Plaintiffs the minimum wage, time-and-a-half for overtime, and costs associated with the purchase and maintenance of bicycles during the course of their employment at the Flor de Mayo restaurant located at 484 Amsterdam Avenue, New York, New York 10024, and the Flor de Mayo restaurant 2651 Broadway, New York, New York 10025 (collectively, "Flor de Mayo").

FLSA states that "it shall be unlawful for any person . . . to violate any of the provisions of [29 U.S.C. §§ 206 and 207]."  29 U.S.C. § 215(a)(2).  29 U.S.C. § 206 states that "each employer shall pay to each of his employees who . . . is employed in an enterprise engaged in

commerce or in the production of goods for commerce wages . . . not less than $5.15 an hour

beginning September 1, 1997." Id. § 206(a)(1) (1996).  29 U.S.C. § 207 states that

> no employer shall employ any of his employees who in any
> workweek . . . is employed in an enterprise engaged in commerce
> or in the production of goods for commerce, for a workweek
> longer than forty hours unless such employee receives
> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

Id. § 207(a)(1).  FLSA defines "wage" to include "the reasonable cost, as determined by the

Secretary of Labor, to the employer of furnishing such employee with board, lodging, and other

facilities, if such board, lodging, or other facilities are customarily furnished by such employer to

his employees . . . ." Id. § 203(m).  Pursuant to this authority, the Secretary of Labor has

determined that

> [w]hether in cash or in facilities, "wages" cannot be considered to
> have been paid by the employer and received by the employee
> unless they are paid finally and unconditionally or "free and clear."
> The wage requirements of the Act will not be met where the
> employee "kicks-back" directly or indirectly to the employer or to
> another person for the employer's benefit the whole or part of the
> wage delivered to the employee.  This is true whether the "kick-
> back" is made in cash or in other than cash.  For example, if it is a
> requirement of the employer that the employee must provide tools
> of the trade which will be used in or are specifically required for
> the performance of the employer's particular work, there would be
> a violation of the Act in any workweek when the cost of such tools
> purchased by the employee cuts into the minimum or overtime
> wages required to be paid him under the Act.

29 C.F.R. § 531.35.

Based on the foregoing authority, the following are the elements of Plaintiffs' claim that

Defendants willfully violated FLSA with respect to Plaintiffs and a summary of the facts which

will be relied upon to establish each element:

a.    Defendants and Plaintiffs Had an Employer-Employee Relationship

FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C. § 203(d).  An employee is "any individual employed by an employer."  Id. § 203(e).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Plaintiffs were employed by Defendants as delivery workers from approximately August 2000 through the present.

b.    Plaintiffs Were Employed in an Enterprise Engaged in Commerce or in the Production of Goods for Commerce

FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one

> that has employees engaged in commerce or in the production of
> goods for commerce, or that has employees handling, selling, or
> otherwise working on goods or materials that have been moved in
> or produced for commerce by any person [and] whose annual gross
> volume of sales made or business done is not less than
> $500,000 . . . .

Id. § 203(s)(1).  Commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  Id. § 203(b).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Flor de Mayo had employees who were engaged in commerce or in the production of goods for commerce or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce as defined by FLSA and had annual gross volume of sales made of not less than $500,000.

c.    Defendants Violated FLSA's Minimum Wage Provision

Employers are obligated to pay employees the minimum wage as defined by FLSA.  See id. § 206(a)(1).  Employers are permitted, in limited circumstances, to take a "tip credit" for wages paid to a tipped employee, reducing the applicable minimum wage of $5.15 per hour.  See id. §§ 203(m), 206(a)(1).  A tipped employee is an employee who customarily and regularly receives more than $30 per month in tips, which would reduce the applicable minimum wage of $5.15 per hour.  See id. § 203(t).  However, employers may only take the tip credit for wages paid to a tipped employee if "such employee has been informed by the employer of the provisions of this subsection" and if the employee is permitted to retain all of his tips.  See id. § 203(m).  Entitlement to a tip credit under New York Labor Law has no bearing on whether an employer is entitled to a tip credit under FLSA.

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Plaintiffs were tipped employees as defined by FLSA because they customarily and regularly received more than $30 per month in tips; b) Defendants failed to inform Plaintiffs of the provisions regarding the minimum wage and the tip credit in accordance with 203(m) and, therefore, are not eligible to claim a tip credit against their obligation to pay the full minimum wage; and c) Defendants did not pay Plaintiffs a wage equal to $5.15 per hour in violation of FLSA.

d.    Defendants Violated FLSA's Overtime Provision

Employers are obligated to pay employees overtime compensation of one-and-one-half times the regular rate for every hour worked in excess of forty hours each week under FLSA. See id. § 207(a)(1).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Plaintiffs regularly worked hours in

4

excess of forty hours per week; and b) Defendants failed to pay Plaintiffs overtime compensation of one-and-one-half times the regular rate for every hour worked in excess of forty hours each week in violation of FLSA.

  e.  <u>Defendants Violated FLSA by Failing to Reimburse Plaintiffs for the Costs Associated with the Purchase and Maintenance of Bicycles</u>

Employers are obligated to pay employees their wages "free and clear," such that an employer's requirement that employees provide tools of the trade cannot result in costs to employees which cut into the minimum or overtime wages owed to employees under FLSA.  <u>See</u> 29 C.F.R. § 531.35.

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Defendants required Plaintiffs to provide tools of the trade, specifically bicycles, for the purposes of employment; b) Defendants failed to reimburse Plaintiffs for the costs associated with the purchase and maintenance of bicycles; and c) Defendants' failure resulted in wages to Plaintiffs which were not "free and clear" as defined by FLSA.

  f.  <u>Defendants' Conduct Was Willful as Defined by FLSA</u>

Under FLSA, the statute of limitations is ordinarily two years but is extended to three years if the cause of action arises out of a "willful violation" of the Act.  <u>See</u> 29 U.S.C. § 255(a). The Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Defendants acted willfully because they

either knew or showed reckless disregard as to whether they were in compliance with the provisions of FLSA with respect to Plaintiffs' wages.

      g.    <u>Defendants Are Liable to Plaintiffs for Plaintiffs' Unpaid Minimum Wage,<br>Overtime Compensation, and Costs Associated with the Purchase and<br>Maintenance of Bicycles as well as Liquidated Damages</u>

"Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Because Plaintiffs will have established through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Defendants violated 29 U.S.C. §§ 206 and 207, Defendants will be liable for Plaintiffs' unpaid minimum wages, overtime compensation, and costs associated with the purchase and maintenance of bicycles as well as an equal amount in liquidated damages.

**B.  Violations of New York Labor Law**

Plaintiffs allege that Defendants have willfully violated New York Labor Law, N.Y. Lab. Law. § 650 <u>et seq.</u>, by failing to pay Plaintiffs the minimum wage, time-and-a-half for overtime, "spread of hours" wages, and costs associated with the purchase and maintenance of bicycles during the course of their employment at Flor de Mayo.

New York Labor Law provides that

> [i]f any employee is paid by his employer less than the wage to
> which he is entitled under the provisions of this article, he may
> recover in a civil action the amount of any such underpayments . . .
> and if such underpayment was willful, an additional amount as
> liquidated damages equal to twenty-five percent of the total of such
> underpayments found to be due him . . . .

Id. § 663.  Under New York Labor Law, "[e]very employer shall pay to each of its employees for each hour worked a . . . wage as may be established in accordance with the provisions of this article."  Id. § 652(1).  With respect to overtime, "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."  N.Y. Comp. Codes R. & Regs. tit. 12, § 137–1.3.  New York Labor Law also mandates that any worker whose workday is longer than ten hours "shall receive one hour's pay at the basic minimum hourly wage rate."  Id. §§ 137–1.7, 142–2.4.  Furthermore, "[t]he minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer."  Id. § 137–2.5(b).

Based on the foregoing, the following are the elements of Plaintiffs' claim that Defendants willfully violated New York Labor Law with respect to Plaintiffs and a summary of the facts which will be relied upon to establish each element:

a.     Defendants and Plaintiffs Had an Employer-Employee Relationship

New York Labor Law defines employer as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."  N.Y. Lab. Law § 651(6).  An employee is "any individual employed or permitted to work by an employer in any occupation . . . ."  Id. § 651(5).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Plaintiffs were employed by Defendants as delivery workers from approximately August 2000 through the present.

b.     Defendants Violated New York Labor Law's Minimum Wage Provision

Employers are obligated to pay employees the minimum wage as defined by New York Labor Law.  See id. § 652(1).  Employers in the restaurant industry are permitted to take a "tip allowance" for wages paid to service employees receiving tips, reducing the applicable minimum

wage owed to such employees.  See N.Y. Comp. Codes R. & Regs. tit. 12, § 137–1.4.  A service employee in the restaurant industry is

> an employee who customarily receives tips at the rate of: (1) $1.15 or more per hour on and after March 31, 2000; (2) $1.35 or more per hour on and after January 1, 2005; (3) $1.50 or more per hour on and after January 1, 2006; and (4) $1.60 or more per hour on and after January 1, 2007.

Id. § 137–3.3.  The minimum wage for service workers in the restaurant industry receiving tips in New York was $3.50 per hour on and after March 31, 2000, $4.10 per hour on and after January 1, 2005, $4.60 per hour on and after January 1, 2006, and $4.85 per hour on and after January 1, 2007.  See id. § 137–1.4.  New York Labor Law defines restaurant industry to include "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, or curb service or counter service to the public . . . ."  Id. § 137–3.1.

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Defendants are employers within the restaurant industry as defined by New York Labor Law because they are an eating and drinking place that offers food and beverage for human consumption on its premises; b) Plaintiffs were service employees within the restaurant industry as defined by New York Labor Law because they customarily received tips at the rate of $1.15 or more per hour on and after March 31, 2000, $1.35 or more per hour on and after January 1, 2005, $1.50 or more per hour on and after January 1, 2006, and $1.60 or more per hour on and after January 1, 2007; and c) Defendants did not pay Plaintiffs a wage equal to $3.50 per hour on and after March 31, 2000, $4.10 per hour on and after January 1, 2005, $4.60 per hour on and after January 1, 2006, and $4.85 per hour on and after January 1, 2007 in violation of New York Labor Law.

 c. <u>Defendants Violated New York Labor Law's Overtime Provision</u>

Under New York Labor Law, employers are obligated to pay employees overtime compensation of one-and-one-half times the regular rate for hours worked in excess of forty hours each week.  <u>See</u> <u>id.</u> § 137–1.3.

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Plaintiffs regularly worked hours in excess of forty hours per week; and b) Defendants failed to pay Plaintiffs overtime compensation of one-and-one-half times the regular rate for every hour worked in excess of forty hours each week in violation of New York Labor Law.

 d. <u>Defendants Violated New York Labor Law's Spread of Hours Provision</u>

New York Labor Law mandates that any worker whose workday is longer than ten hours "shall receive one hour's pay at the basic minimum hourly wage rate."  <u>Id.</u> §§ 137–1.7, 142–2.4. This "spread of hours" is defined as the number of hours from the time an employee starts work in the morning until the time the employee finishes work in the evening.  <u>Id.</u> § 137–3.11.  The spread of hours includes both working time and non-working time such as lunch breaks or split shifts.  <u>Id.</u> §§ 137–3.11, 142–2.4.  Employers may not use the tip allowance under New York Labor Law to compensate restaurant industry employees for the extra hour of pay pursuant to this provision; accordingly, the extra hour of pay is at the ordinary New York minimum wage rate.  <u>Id.</u> § 137–1.7.

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Plaintiffs regularly worked shifts that were longer than ten hours; b) Defendants are employers within the restaurant industry as defined by New York Labor Law; and c) Defendants failed to pay Plaintiffs one hour's pay at the basic minimum hourly wage rate in violation of New York Labor Law.

      e.     <u>Defendants Violated New York Labor Law's Wage Provision in Connection with the Costs Associated with the Purchase and Maintenance of Bicycles</u>

Under New York Labor Law, "[t]he minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer." <u>Id.</u> § 137–2.5(b).

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that: a) Plaintiffs incurred expenses in carrying out duties assigned by Defendants by purchasing and maintaining bicycles necessary for delivery; b) Defendants did not reimburse Plaintiffs for such expenses; and c) such expenses resulted in a reduction of Plaintiffs' compensation below the minimum wage in violation of New York Labor Law.

      f.     <u>Defendants' Conduct Was Willful as Defined by New York Labor Law</u>

Under New York Labor Law, an employer's conduct is willful when the employer knowingly, deliberately, or voluntarily disregards its legal obligations. <u>See</u> <u>Ayres v. 127 Rest. Corp.</u>, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) ("[N]o finding of bad faith or malice . . . is necessary.").

Plaintiffs will establish through their testimony, the testimony of Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Defendants knowingly, deliberately, or voluntarily disregarded their legal obligations under New York Labor Law with respect to Plaintiffs' wages.

      g.     <u>Defendants Are Liable to Plaintiffs for Plaintiffs' Unpaid Minimum Wage, Overtime Compensation, Spread of Hours Compensation, and Costs Associated with the Purchase and Maintenance of Bicycles as well as Liquidated Damages</u>

New York Labor Law provides that

> [i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments . . . and if such underpayment was willful, an additional amount as

> liquidated damages equal to twenty-five percent of the total of such
> underpayments found to be due him . . . .

N.Y. Lab. Law § 663.

Because Plaintiffs will have established through their testimony, the testimony of

Defendants, stipulations of fact and law agreed to by the parties, and exhibits that Defendants

willfully paid Plaintiffs less to which they were entitled under New York Labor Law, Defendants

will be liable to Plaintiffs for Plaintiffs' unpaid minimum wages, overtime compensation, spread

of hours compensation, and costs associated with the purchase and maintenance of bicycles as

well as liquidated damages equal to twenty-five percent of the total underpayments due to

Plaintiffs.

Dated:   New York, New York
         March 18, 2008

                              DAVIS POLK & WARDWELL


                              By:    s/ Brian S. Weinstein
                                    _____

                                    Brian Weinstein (BW-1547)
                                    Matteo J. Rosselli (MR-6422)
                                    Edward Sherwin  (ES-3072)
                                    William R. Miller (WM-9975)
                                    450 Lexington Avenue
                                    New York, NY 10017
                                    (212) 450-4000

                                    David A. Colodny (DC-4234)
                                    URBAN JUSTICE CENTER
                                    123 William Street, 16th Floor
                                    New York, NY 10038
                                    (646) 459-3006

                                    *Attorneys for Plaintiffs*

11