COURTESY

```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC# _____
- - - - - - - - - - - - - - - - - - - - - -x DATE FILED: 3/19/08
FERNANDO LOPEZ, ADOLFO LOPEZ,               :
VENANCIO GALINDO and GIL SANTIAGO,          :
                                            :
                          Plaintiffs,       :   No. 07 Civ. 6526 (AJP)
                                            :
         - against -                        :
                                            :
FLOR DE MAYO, INC., CHO FAMILIA             :
DYNASTIA, INC., PHILLIP CHU, DENNIS CHU     :
and JOSE TSO,                               :
                                            :
                          Defendants.       :
- - - - - - - - - - - - - - - - - - - - - -x
```



# [PROPOSED] JOINT PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16 and in accordance with the pretrial practices and procedures of United States Magistrate Judge Andrew J. Peck, the parties in the above-captioned action submit this proposed Joint Pretrial Order to the Court.

A. <u>Full Caption of the Action</u>

The full caption of the instant action is set forth above.

B. <u>Names, Addresses, and Telephone and Fax Numbers of Trial Counsel</u>

Attorneys for Plaintiffs Fernando Lopez, Adolfo Lopez, Venancio Galindo, and Gil Santiago ("Plaintiffs"):

> Brian S. Weinstein (BW-1547)
> Matteo J. Rosselli (MR-6422)
> Edward Sherwin (ES-3072)
> William R. Miller, Jr. (WM-9975)
> Davis Polk & Wardwell
> 450 Lexington Avenue
> New York, New York 10017
> Telephone: (212) 450-4000
> Facsimile: (212) 450-3800
>
> David A. Colodny (DC-4234)
> Urban Justice Center

123 William Street, 16th Floor<br>
New York, New York 10038<br>
Telephone: (212) 459-3006<br>
Facsimile: (212) 533-4598

Attorneys for Defendants Flor de Mayo, Inc., Cho Familia Dynastia, Inc., Phillip Chu, Dennis Chu, and Jose Tso ("Defendants"):

Robert V. Ferrari (RF-4599)<br>
Richard H. Byrnes (RB-8866)<br>
630 Third Avenue<br>
New York, New York 10017<br>
Telephone: (212) 972-7040<br>
Facsimile: (212) 922-1939

C. <u>Subject Matter Jurisdiction</u>

All parties agree that this Court has original jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' New York Labor Law claims under 28 U.S.C. § 1367.

D. <u>Summary of Claims and Defenses That Remain to Be Tried</u>

Plaintiffs allege that Defendants have willfully violated FLSA and New York Labor Law by failing to pay Plaintiffs the minimum wage, time-and-a-half for overtime, "spread of hours" compensation, and costs associated with the purchase and maintenance of bicycles. Specifically, Plaintiffs assert the following FLSA claims:

1. **Violations of Federal Minimum Wage and Overtime Laws.** Plaintiffs assert that Defendants failed to pay them the FLSA minimum wage and are not entitled to take a "tip credit," which would reduce the applicable minimum wage of $5.15 per hour. *See* 29 U.S.C. §§ 203(m), 206(a)(1). Plaintiffs further assert that Defendants failed to pay them at the FLSA overtime rate of

one-and-one-half times the FLSA minimum wage for each hour worked per week in excess of 40. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107.

2. **Federal Unlawful Deductions.** Plaintiffs assert that they are entitled to reimbursement for the purchase and maintenance of bicycles, which constitute "tools of the trade" that were specifically required for their delivery work. *See* 29 C.F.R. § 531.35.

Plaintiffs assert that the statute of limitations under FLSA, which is ordinarily two years, should be extended to three years because Defendants' violations were "willful." *See* 29 U.S.C. § 255(a). Plaintiffs also assert that the statute of limitations under FLSA should be equitably tolled because: (i) Defendants failed to post FLSA notices, as required by 29 C.F.R. § 516.4; and (ii) Plaintiffs were unaware of their rights under FLSA until shortly before bringing this lawsuit.

For all claims under FLSA, Plaintiffs seek compensatory and liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem just and proper. *See* 29 U.S.C. § 216(b).

Plaintiffs assert the following New York Labor Law claims:

1. **Violations of State Minimum Wage and Overtime Laws.** Plaintiffs allege that Defendants failed to pay them the New York Labor Law minimum wage applicable to "tipped" service employees. *See* N.Y. Lab. Law § 652(4); *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.4. Plaintiffs further allege that Defendants failed to pay them at the New York Labor Law overtime rate of one-and-one-half times the applicable minimum wage for each hour worked

3

per week in excess of 40. *See* N.Y. Lab. Law § 650; N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3.

2. **State Unlawful Deductions.** Plaintiffs assert that they are entitled to reimbursement for the purchase and maintenance of bicycles, which constitute "tools of the trade" that were specifically required for their delivery work. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

3. **Violations of State "Spread of Hours" Regulation.** Plaintiffs assert that they are entitled to "spread of hours" compensation for every day they worked for Defendants because the time between the start and end of each workday exceeded 10 hours. *See* N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.7, 142-2.4.

For all claims under New York Labor Law, Plaintiffs seek compensatory and liquidated damages, prejudgment interest, attorneys' fees and costs, and such other relief as the Court may deem just and proper. *See* N.Y. Lab. Law § 198.

Defendants state that the following defenses remain to be tried:

1. Plaintiffs' minimum wage and overtime claims predating July 2005 are time barred under the applicable FLSA two year statute of limitations. 29 U.S.C. § 255 *et seq.*

2. Plaintiffs' spread-of-hours claims are unsustainable in view of Plaintiffs' position that each Plaintiff worked 11 to 12 consecutive hours per day. New York Labor Law requires that on each work day in which the spread of hours exceeds 10, an employee shall receive one additional hour's pay at the basic minimum wage before allowances. This rule covers split shift work where the

total work day including hours of employee down-time (for which an employee is not compensated) exceeds ten hours. In the present case, Plaintiffs' claim that they were not subject to any down-time and are seeking full minimum wage and overtime pay for 11 to 12 hour work days and are, therefore, not entitled to an additional hour's pay per day under a spread-of-hours theory.

Defendants state that the following defense previously asserted has been withdrawn and is not to be tried:

1. Defendants' first affirmative defense that Plaintiffs' claims are barred under federal immigration policy. Defs.' Answer ¶¶ 8-10.

The parties jointly state that there are no other claims or defenses previously asserted which are not to be tried.

E. <u>Statement Regarding Bench Trial</u>

The parties have agreed that this trial shall proceed without a jury. The parties estimate that four trial days will be needed.

F. <u>Statement Regarding Trial By Magistrate Judge</u>

All parties have consented, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to a United States Magistrate Judge conducting all proceedings in this action, including trial and entry of final judgment.

G. <u>Stipulated Statement of Facts and Law</u>

**<u>Stipulations of Fact</u>**

1. Plaintiffs commenced this action against Defendants Flor de Mayo, Inc., Phillip Chu, Dennis Chu, and Jose Tso by the filing of the Complaint on July 20, 2007 and

5

against Defendants Cho Familia Dynastia, Inc. by the filing of the Amended Complaint on February 8, 2008.

2. Defendant Jose Tso is also known as Jose Chu.

3. Flor de Mayo, Inc. has owned and operated the restaurant known as Flor de Mayo located at 484 Amsterdam Avenue, New York, New York 10024 ("Flor de Mayo Amsterdam") since 1999.

4. Flor de Mayo, Inc. is incorporated in the State of New York.

5. Since 2000, Defendant Flor de Mayo, Inc. has been a business or enterprise engaged in interstate commerce with annual gross sales over $500,000 per year.

6. Defendant Phillip Chu and William Cho are the sole shareholders of Flor de Mayo, Inc.

7. Defendant Phillip Chu is President of Flor de Mayo, Inc.

8. A restaurant named Flor de Mayo has been operating at 2651 Broadway, New York, New York 10025 ("Flor de Mayo Broadway") since 1988.

9. Cho Familia Dynastia, Inc. has owned and operated Flor de Mayo Broadway since November 2002.

10. Cho Familia Dynastia, Inc. is incorporated in the State of New York.

11. Since 2003, Defendant Cho Familia Dynastia, Inc. has been a business or enterprise engaged in interstate commerce with annual gross sales over $500,000 per year.

12. Defendant Dennis Chu and Nelson Cho are the sole shareholders of Cho Familia Dynastia, Inc.

13. Nelson Cho is President of Cho Familia Dynastia, Inc.

14. Since 2000, Defendant Jose Tso had management responsibilities at Flor de Mayo Amsterdam and Flor de Mayo Broadway including, but not limited to, overseeing employees and overall operation of the restaurants, hiring and firing employees, setting schedules for employees, determining the rate and method of any compensation provided to employees, and controlling other terms and conditions of employment.

15. Since 2000, Defendant Dennis Chu had management responsibilities at Flor de Mayo Amsterdam and Flor de Mayo Broadway including, but not limited to, overseeing employees and overall operation of the restaurant, setting schedules for employees, paying wages to employees, and controlling other terms and conditions of employment.

16. Since 2000, Defendant Phillip Chu had management responsibilities at Flor de Mayo Amsterdam and Flor de Mayo Broadway including, but not limited to, overseeing employees and overall operation of the restaurants, hiring and firing employees, setting schedules for employees, controlling the terms and conditions of employment, determining the rate and method of any compensation provided to employees, and maintaining employment records.

17. Since 2000, delivery service has been available at Flor de Mayo Amsterdam and Flor de Mayo Broadway from noon to midnight every day.

18. Plaintiff Venancio Galindo was employed as a delivery worker at Flor de Mayo Amsterdam for the period including, but not limited to, September 1, 2006 through July 22, 2007.

19. Plaintiff Adolfo Lopez was employed as a busboy at Flor de Mayo Broadway from December 19, 2005 through January 23, 2006 and as a delivery worker at Flor de

7

Mayo Amsterdam for the period including, but not limited to, January 24, 2006 through September 27, 2007.

20. Plaintiff Adolfo Lopez was employed as a delivery worker at either Flor de Mayo Amsterdam or Flor de Mayo Broadway for the period including, but not limited to, April 1, 2003 through August 31, 2003.

21. Plaintiff Fernando Lopez was employed as a delivery worker at Flor de Mayo Amsterdam for the periods including, but not limited to, January 1, 2003 through March 31, 2003, October 1, 2003 through October 31, 2004, and April 11, 2005 through the present.

22. Plaintiff Gil Santiago was employed as a delivery worker at Flor de Mayo Amsterdam for the periods including, but not limited to, March 1, 2003 through September 10, 2006.

23. Plaintiff Venancio Galindo worked six days each week at Flor de Mayo Amsterdam from the beginning of his employment through some time in April 2007.

24. Plaintiff Adolfo Lopez worked six days each week for the periods he worked at Flor de Mayo Amsterdam and Flor de Mayo Broadway through some time in April 2007.

25. Plaintiff Fernando Lopez worked six days each week for the periods he worked at Flor de Mayo Amsterdam prior to December 15, 2005.

26. Plaintiff Fernando Lopez worked five days each week for the periods he worked at Flor de Mayo Amsterdam after December 15, 2005.

27. Plaintiff Gil Santiago worked six days each week at Flor de Mayo Amsterdam for the entire duration of his employment.

28. Before some time in April 2007, the schedule for delivery workers at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs, alternated weekly, such that they worked 11 hours each day one week and 12 hours each day the following week, from the time they began working until the time they stopped working at night. The issue to be tried is whether the entire shifts were working time, and thus compensable under both the Fair Labor Standards Act ("FLSA") and New York Labor Law, or whether the shifts included break times that were not compensable under both FLSA and New York Labor Law.

29. Defendants paid Plaintiffs $20 per day for each day worked from January 1, 2003 through June 30, 2004.

30. Defendants paid Plaintiffs $25 per day for each day worked from July 1, 2004 through June 30, 2006.

31. Defendants paid Plaintiffs $30 per day for each day worked from July 1, 2006 through December 31, 2006.

32. Defendants paid Plaintiffs $35 per day for each day worked from January 1, 2007 through some time in April 2007.

33. Defendants paid Plaintiffs their wages in cash on a weekly basis.

34. During all periods of their employment at Flor de Mayo Amsterdam and Flor de Mayo Broadway, Plaintiffs received tips equal to or greater than the amounts required for employees to be considered tipped employees under FLSA.

35. During all periods of their employment at Flor de Mayo Amsterdam and Flor de Mayo Broadway, Plaintiffs received tips equal to or greater than the amount which

permits employers to take a tip allowance for food service workers under New York Labor Law.

36. During all periods of their employment at Flor de Mayo Amsterdam and Flor de Mayo Broadway, Defendants made lunch and dinner available to Plaintiffs free of charge.

37. Defendants required delivery workers employed at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs, to have a bicycle.

38. Defendants did not provide bicycles to delivery workers employed at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs.

39. Defendants did not reimburse delivery workers employed at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs, for the costs of purchasing and repairing bicycles.

40. Responsibilities for delivery workers at Flor de Mayo Amsterdam, including Plaintiffs, included, but were not limited to, the following: (i) delivering food orders to customers; (ii) cleaning the sidewalk in front of the restaurant; (iii) cleaning the restaurant's windows; (iv) cleaning the floors of the restaurant's dining area; (v) cleaning the restaurant's bathrooms; (vi) stocking and organizing merchandise in the restaurant's basements; (vii) cutting cardboard boxes for delivery bags; (viii) taking out the garbage; and (ix) filling containers with sauces for food included in deliveries.

41. Responsibilities for delivery workers at Flor de Mayo Broadway, including Plaintiffs, included, but were not limited to, the following: (i) delivering food orders to customers; (ii) cleaning the sidewalk in front of the restaurant; (iii) cleaning the floors of the restaurant's dining area; (iv) cutting cardboard boxes for delivery bags; and (v) taking out the garbage.

42. At some time in 2005, Defendants installed a punch clock system to keep track of hours worked by employees at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs.

43. Prior to the installation of the punch clock system, Defendants did not document hours worked by employees at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs.

44. Prior to April 2007, Defendants did not retain the time cards used in conjunction with the punch clock system to document the time worked by delivery workers employed at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs.

45. Prior to April 2007, Defendants did not maintain records listing the names and addresses of Plaintiffs, Plaintiffs' occupational classifications and wage rates, the number of hours worked daily and weekly by Plaintiffs, the regular hourly rate of pay for Plaintiffs in which overtime compensation was due, an explanation of the basis of pay for Plaintiffs, deductions from Plaintiffs' gross wages, any allowances claimed as part of the minimum wage, or the date of payment to Plaintiffs and pay period covered by the payment.

46. Defendants do not have any records relating to delivery workers employed at Flor de Mayo Amsterdam and Flor de Mayo Broadway, including Plaintiffs, before March 2003.

47. Documents marked Flor_de_Mayo_Prod_0000001 through Flor_de_Mayo_Prod_0000005 and Flor_de_Mayo_Prod_0000017 through Flor_de_Mayo_Prod_0000021 are documents admissible pursuant to Fed. R. Evid. 901 that were created and signed by Defendant Dennis Chu. Defendants do not stipulate that

the handwritten alteration of the word "2001" to "2000" on Flor_de_Mayo_Prod_0000002 was made by Defendant Dennis Chu.

48. Defendants did not post notices regarding minimum wage and overtime laws at Flor de Mayo Amsterdam and Flor de Mayo Broadway until March 2007.

49. Defendants never informed Plaintiffs of the minimum wage and overtime laws, including the tip credit provision of FLSA, but Defendants informed each Plaintiff at the time of his hiring that a major portion of his compensation would be tips.

### Stipulations of Law

1. Defendants Flor de Mayo, Inc., Cho Familia Dynastia, Inc., Phillip Chu, Dennis Chu, and Jose Tso are subject to the requirements of FLSA and New York Labor Law because they were or are Plaintiffs' "employers" at Flor de Mayo Amsterdam and Flor de Mayo Broadway. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6), 651(6).

2. Plaintiffs are entitled to minimum wage and overtime pay pursuant to FLSA because they are "employees" as defined by FLSA. 29 U.S.C. §§ 203(e), 206(a), 207(a)(1).

3. Plaintiffs are entitled to minimum wage and overtime pay pursuant to New York Labor Law because they are "employees" as defined by New York Labor Law. N.Y. Lab. Law §§ 2(5), 651(5), 652; N.Y. Comp. Codes. R. & Regs. tit. 12, §§ 137–1.3.

4. Flor de Mayo Amsterdam and Flor de Mayo Broadway are part of the "restaurant industry" within the meaning of New York Labor Law because they are eating and drinking places that prepare and offer food and beverages for human consumption on their premises with catering and delivery services available to the public. N.Y. Comp. Codes. R. & Regs. tit. 12, § 137–3.1.

12

H. List of Witnesses

Plaintiffs expect to call the following witnesses:

1. Phillip Chu
2. Jose Tso
3. Dennis Chu
4. Fernando Lopez
5. Adolfo Lopez
6. Gil Santiago
7. Venancio Galindo
8. Efren Caballero*

Defendants expect to call the following witnesses:

1. Phillip Chu
2. Dennis Chu
3. Jose Tso
4. Angus Chee*
5. Kathy Kyin*
6. Richard Cao*
7. Kuiwai Chan*

I. List of Exhibits

Plaintiffs expect to offer the following exhibits as part of their case in chief:

1. Plaintiff Fernando Lopez's letters of employment
   (Flor_de_Mayo_Prod_0000001–Flor_de_Mayo_Prod_0000005;
   Flor_de_Mayo_Prod_0000017–Flor_de_Mayo_Prod_0000021)
2. Plaintiff Fernando Lopez's pictures of Flor de Mayo
   (Flor_de_Mayo_Prod_0000006–Flor_de_Mayo_Prod_0000014)
3. Plaintiff Fernando Lopez's bicycle receipt
   (Flor_de_Mayo_Prod_0000016)
4. Defendant Jose Tso's Affidavit
   (Flor_de_Mayo_Prod_0000015)

Defendants expect to offer the following exhibits as part of their case in chief:

1. New York State Department of Labor notice
   (Flor_de_Mayo_Prod_0000022)

---

* The parties reserve their right to object to any testimony by witnesses whose names are followed by a star.

13

CONSENTED TO:

Davis Polk & Wardwell
Co-counsel for Plaintiffs
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

By: _____
Brian S. Weinstein (BW-1547)

Robert V. Ferrari
Counsel for Defendants
630 Third Avenue, 16th Floor
New York, New York 10017
(212) 972-7040

By: _____
Robert V. Ferrari (RF-4599)

Urban Justice Center
Co-counsel for Plaintiffs
123 William Street, 16th Floor
New York, New York 10038
(212) 459-3006

By: _____
David A. Colodny (DC-4234)

SO ORDERED.

Dated: New York, New York
        March 19, 2008

_____
ANDREW J. PECK
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

Copy for:

**BY FAX**

14